UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN WILKES,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF MONTEREY PARK;<br>MONTEREY PARK POLICE<br>DEPARTMENT; MONTEREY PARK<br>POLICE OFFICER HARRY COUCH and<br>DOES 1 through 10, inclusive,<br><br>    Defendants. | No. CV09-3047 AHM(FFMx)<br><br>Honorable Frederick M. Mumm<br><br>**PROTECTIVE ORDER**<br><br>NOTE: CHANGES MADE BY THE COURT |

Pursuant to the parties' Stipulation filed on December 9, 2009, IT IS HEREBY ORDERED as follows:

**Scope**

1. This Protective Order shall govern all documents produced or disclosed in this Action by either party (the "Designating Party") to the other party ("the Receiving Party").

**Confidential Information**

2. "Confidential Information" means:

(A) Any information contained in a document that is stamped with "Confidential" or "Confidential - Subject to Protective Order"; or,

///

(B) Any information contained in a document that is stamped with "Confidential - Attorney's Eyes Only."

3. Stamping "Confidential," "Confidential - Subject to a Protective Order" or "Confidential - Attorney's Eyes Only" on the cover of a multiple page document shall classify all pages of the document as confidential unless otherwise indicated by the disclosing party.

**Permissible Disclosure of Confidential Information**

**A. Confidential Information**

4. Subject to paragraph 5 of this Order, the Receiving Party may show and deliver documents stamped with "Confidential" or "Confidential - Subject to Protective Order" to the following people:

    (A) Parties and their counsel including attorneys, paralegals, stenographic and clerical staff employed by such counsel;

    (B) Stenographic employees, court reporters and videographers recording or transcribing testimony in this Action;

    (C) The Court, Special Master appointed by the Court, mediator, and any members of their staff to whom it is necessary to disclose the information;

    (D) Any outside consultant or expert (and any employees thereof who would, in the course and scope of their employment, handle the at-issue documents), whether formally retained or not; and

    (E) Subject to Paragraphs 9 through 11, any witness during a deposition.

**B.  Confidential Information - Attorney's Eyes Only**

Subject to Paragraph 5 of this Order, the Receiving Party may show and deliver documents stamped with "Confidential - Attorney's Eyes Only" to the following people:

    (A)    Attorneys, paralegals, stenographic and clerical staff employed by such counsel;

    (B)    The Court, Special Master appointed by the Court, mediator, and any members of their staff to whom it is necessary to disclose the information;

    (C)    Stenographic employees, court reporters and videographers recording or transcribing testimony in this Action;

    (D)    Any outside consultant or expert whether formally retained or not; and

    (E)    Subject to paragraphs 9 through 11, any witness during a deposition.

5.  If the Receiving Party provides Confidential Information to any person entitled to such information by the terms of this Order, such person shall be provided with a copy of the fully executed Protective Order, which he or she shall read. Upon reading this Protective Order, such person shall sign a Certification, the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms. The Receiving Party shall retain all executed Certifications until the end of the instant litigation. In the event of a possible violation of this protective order during the pendency of this litigation, and upon a showing of good cause, the Court may order production of the executed Certifications to the Designating Party. Otherwise, these Certifications are strictly confidential and are not subject to any discovery request during the pendency of this litigation. No more than

thirty (30) calendar days after the end of the litigation in the instant case (as defined *infra* Paragraph 6), the Receiving Party shall provide all executed Certifications to the Designating Party.

6. The instant litigation is at an end when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have themselves concluded.

**Use of Confidential Information**

7. Confidential Information shall only be used for preparing for and prosecuting this case pending the completion of the judicial process, including appeal. No person to whom this information is disclosed shall cause or permit it to be used for any other purpose.

8. Notwithstanding any other provisions hereof, nothing herein shall restrict any party's counsel from rendering advice to its client with respect to this Action and, in the course thereof, relying upon Confidential Information provided that in rendering such advice, counsel shall not disclose the other party's Confidential Information other than in a manner provided for in the Protective Order.

9. If Confidential Information is used, in any depositions taken in this matter, the original transcript of the deposition, and all copies thereof shall be stamped "Confidential - Subject to Protective Order" or "Confidential - Attorney's Eyes Only" depending on the nature of the Confidential Information used. If any portions of the deposition transcript and/or video or audio versions of the depositions containing Confidential Information, or references thereto, are filed with the Court, it shall be done in compliance with Paragraph 17 of the Protective Order.

10. A copy of this Order shall be attached as an exhibit to said deposition transcript and the court reporter shall be subject to said Order and precluded from providing the original or copies of the deposition transcript or portions thereof, any

copies thereof, or portions thereof, to any persons or entities other than counsel of record in the instant action. Furthermore, any audiotape and/or videotape of said deposition shall be subject to the Protective Order. A copy of the Protective Order shall be attached as an exhibit to said audiotape and/or videotape and the court videographer shall be subject to the Protective Order and precluded from providing the original deposition videotape or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record. Any audiotape shall similarly be subject to the Protective Order and all persons shall be precluded from providing the original deposition audiotape or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant litigation.

11. Additionally, anyone other than the following persons shall be precluded from attending any deposition whereat any Confidential Documents or confidential information therein are used: the receiving party, the disclosing party, any parties' counsel, the court reporter, the court videographer, if any, and any of the named parties in this action. In the event that Confidential Information marked "Attorney's Eyes Only" is to be used in the deposition, then the receiving party or parties shall be excluded from the deposition; however, counsel for the receiving party or parties shall continue to be permitted. Those attending any depositions using Confidential Documents shall not disclose to any person or entity not otherwise entitled to the confidential information, in any manner, including orally, any statements made by the deponents during the court of said depositions referencing Confidential Information, and any such disclosure shall be construed as a violation of the Protective Order.

**Protection of Confidential Information**

12. Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to only those persons authorized by the Protective Order.

///

13. Any party that is served with a subpoena or other request for production of Confidential Information produced by the other party must immediately give written notice of such subpoena or other notice to the original Designating Party so as to afford the original Designating Party an opportunity to obtain an order barring the production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Information. Upon receiving such notice, the original Designating Party shall bear the burden of opposing, if it deems appropriate the subpoena or request for production. ~~In no event should production or disclosure be made without written approval by the original Designating Party unless required by Court order arising from a motion to compel production or disclosure of Confidential Information.~~ *(FFM)*

14. No more than thirty (30) calendar days after the end of litigation (as defined *infra* in Paragraph 6) in the instant case, the Receiving Party, and every other person and/or entity who received Confidential Information **other than in response to a subpoena or request as described in Paragraph 13** *(FFM)* shall (1) destroy such documents and any copies thereof and provide written notification of such destruction to the producing party or (2) return such documents and any copies thereof to the producing party.

**Challenges to Designation**

15. Any party may object to the propriety of the designation of Confidential Information by serving a written Objection to the designation in accordance with Local Rule 37-1. The objecting party must do so sufficiently in advance of the discovery cut-off date to permit compliance with Local Rule 37 in noticing a motion to remove the confidentiality designation for hearing prior to the discovery cut-off date. All subsequent proceedings related to such challenge will be in accordance with Local Rule 37-1. The burden of proof to demonstrate confidential treatment of any information at all times shall remain with the Designating Party.

///

**Filing Confidential Information in Court Records**

16.   The parties shall use the following procedure for submitting to the Court papers consisting of, relating to, containing, incorporating, reflecting, describing or attaching Confidential Information:

> For all pretrial discovery and non-discovery related motions, memorandum of law, certification, exhibit annexed thereto that contained Confidential Information shall be filed in accordance with Local Rule 79 by placing the original and judge's copy of the document in sealed separate envelopes with a copy of the title page attached to the front of each envelope, **along with a written application and proposed order for filing under seal.**
>
> *(FFM)* Conformed copies need not be placed in sealed envelopes. Confidential material to be placed under seal, shall not be electronically filed but shall be filed manually in the manner prescribed by Local Rule 79-5. A Notice of Manual Filing shall also be electronically filed identifying material being manually filed.

17.   All confidential information contained in documents designated as Confidential used at trial and in all post-trial proceedings shall become public unless a separate court order is obtained upon noticed motion and sufficient cause shown. In that respect, nothing herein shall prejudice any parties' rights to object to the introduction of any Confidential Information into evidence, on grounds, including, but not limited to, relevance and privilege.

**Miscellaneous Provisions**

18.   It is expressly understood by and between the parties that in producing Confidential Information in this litigation, the parties are relying upon the terms and conditions of the Protective Order.

1        19.    It is expressly understood by and between the parties, and stipulated
2  thereto, that any documents or information therefrom originating out of any personnel
3  file, as defined by <u>California Penal Code</u> §§ 832.5, 832.7 and 832.8, of Defendant
4  Harry Couch, or any other peace officer personnel file, will be designated as
5  "Confidential - Attorney's Eyes Only."

6        20.    By written agreement of the Parties **approved by the Court**, *(FFM)* or
7  upon motion and order of the Court, the terms of this Protective Order may be
8  amended or modified. This Protective Order shall continue in force until amended or
9  superseded by express order of the Court, and shall survive any final judgment or
10 settlement in this Case.

12 Dated: December 15, 2009                  /S/ FREDERICK F. MUMM
                                                                           Honorable Frederick M. Mumm
13                                                                            United States Magistrate Judge
                                                                           Central District of California

# EXHIBIT A

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in this action, *Wilkes v. Monterey Park, et al.*, Case No. CV 09-3047 AHM (FFMx), and hereby agree to comply with and be bound by the terms and conditions of the said Protective Order with respect to the handling, use and disclosure of each Confidential Document. I hereby consent to the jurisdiction of said Court for purposes of enforcing this non-disclosure Protective Order.

Dated:_____    Signature:_____