UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN WILKES<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF MONTEREY PARK; MONTEREY PARK POLICE DEPARTMENT, et al<br><br>    Defendants. | CASE NO. CV 09-3047 AHM (FFMx)<br><br>**ORDER RE: STIPULATION FOR PROTECTIVE ORDER FOR DISTRICT ATTORNEY FILES**<br><br>**NOTE: CHANGES MADE BY COURT** |

WHEREFORE, the parties and their attorneys have stipulated to the following:

1. The attorney for Plaintiff issued a deposition subpoenas duces tecum dated October 21, 2009, by serving the DA with a subpoena for production, inspection and copying of the following:

    1. Entire Los Angeles District Attorney file for the case of The People of the State of California v. Justin Wilkes, case number GA073316, including but not limited to any and all investigative reports, evidence discovered, audio tapes, video tapes, Monterey park Police Department reports.

2. The DA has complied in part, and will produce further documents, in the Office of the Los Angeles County District Attorney's possession, custody or

1

1  control, in compliance with the subpoena duces tecum issued as noted in paragraph
2  1 above.  Specifically, the DA will produce, subject to the Protective Order as set
3  forth below, all documents in its possession, custody or control, responsive to the
4  subpoena duces tecum.
5        3.    The DA maintains and asserts through this stipulation and its objections
6  to the subpoena, that it has a legitimate need to limit access of information on the
7  grounds that disclosure of information in the materials requested would(a) implicate
8  the subjects' rights to privacy, (b) endanger the personal safety of the subjects, (c)
9  disclose confidential official information, (d) disclose attorney work product, (e)
10 harm and interfere with other criminal prosecutions, (f) disclose information
11 protected by the deliberative processes privilege.  The DA maintains and asserts that
12 it has a legitimate need to limit access to information about internal decision making
13 for the conduct and course of prosecutions.  The DA maintains and asserts that it has
14 a legitimate need to meet its obligations to maintain confidentiality and/or privacy of
15 information as required by statute and judicial decision, and to assure personal
16 safety of potential witnesses in its prosecutions.
17       4.    Plaintiff WILKES and the DA have met and conferred pursuant to
18 Local Rule 37-1 and are desirous of resolving the disputes about disclosure and use
19 of information acquired by Plaintiff from the Office of the Los Angeles County
20 District Attorney and its personnel.
21       5.    To comply with Plaintiff's subpoena duces tecum expeditiously, to
22 regulate the disclosure and use of information from the DA, and to meet the above
23 identified needs of DA, the following procedures and limitations shall govern the
24 use, disclosure, distribution or dissemination of all documents and other tangible
25 things, and the information contained therein (collectively referred hereinafter as
26 "The PROTECTED DOCUMENTS"), either previously or henceforth produced by
27 the DA to Plaintiff and to his counsel:
28       / / /

1       a.     The PROTECTED DOCUMENTS shall be used solely in connection with the preparation and trial of this action, Case No. CV 09 3047 AHM, or any related appellate proceeding, and not for any other purpose, including any other litigation. This paragraph shall not preclude the Plaintiff's attorney of record in this case from indicating, in connection with discovery or a discovery motion in another action, an awareness of responsive documents. In indicating such awareness in any other action, the Plaintiff's attorney of record shall not disclose the substance of the Confidential Information.

      b.     The PROTECTED DOCUMENTS shall be treated as confidential by Plaintiff and his counsel and shall not be further disclosed, disseminated or otherwise distributed except as provided in this Protective Order.

      c.     The PROTECTED DOCUMENTS, or any portion thereof, may not be disclosed, distributed or disseminated except as provided in subparagraph (d) below.

      d.     The PROTECTED DOCUMENTS, or any portion thereof, may only be disclosed to the following persons:

      (1)     Counsel for Parties only and specifically not to WILKES with the exception of any recordings, written or otherwise, of WILKES own statements;

      (2)     All members of the Parties' legal teams, including, but not limited to, paralegal, investigative, support, stenographic, clerical and secretarial and related personnel regularly employed by counsel referred to in subparagraph (1) above.

      (3)     The Court and Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action; and

      (4)     Expert witnesses designated by Plaintiff's counsel solely for the purpose of this litigation.

      e.     Furthermore, each person (except Court personnel) to whom disclosure of The PROTECTED DOCUMENTS, or any portion thereof, is made, with the exception of those identified in subparagraph d. above who are presumed to know

1 | the contents of this Protective Order, shall, prior to the time of disclosure, be
2 | provided a copy of this Protective Order by the person furnishing him/her such
3 | material, and shall agree on the record or in writing that he/she has read the
4 | Protective Order, and that he/she understands the provisions of the Protective Order,
5 | and that he/she agrees to be bound by the provisions of this Protective Order.  Such
6 | person (except Court personnel) also must consent in writing to be subject to the
7 | jurisdiction of the United States District Court, Central District of California, with
8 | respect to any proceeding relating to enforcement of this Order, including without
9 | limitation, any proceeding for contempt.  Unless made on the record in this
10 | litigation, counsel making the disclosure to any person described above shall retain
11 | the original executed copy of said agreement until final termination of this litigation.
12 |         f.     If the PROTECTED DOCUMENTS, or any portion thereof which were
13 | not part of a public filing, are **submitted for filing** ~~filed~~ with the Court in any form,
14 | such ~~filing shall be~~ **submission shall include an application pursuant to Local**
15 | **Rule 79-5 for filing** under seal. ~~and shall not become public record without an~~
16 | ~~unsealing order by the Court.~~  **(FFM)**
17 |         6.     Nothing in paragraph 5 is intended to prevent officials or employees of
18 | the County of Los Angeles or other authorized governmental officials from having
19 | access to the PROTECTED DOCUMENTS if they would have had access in the
20 | normal course of their job duties.  Further, nothing in this Protective Order prevents
21 | subsequent attorneys representing Plaintiff WILKES in a re-trial or other post-trial
22 | proceedings from gaining access to the PROTECTED DOCUMENTS to the extent
23 | they are otherwise available through ordinary discovery procedures or similar
24 | means.  Finally, nothing in this order precludes a witness from disclosing events or
25 | activities personal to him or her; that is, a witness can disclose to others information
26 | previously given to the County of Los Angeles with respect to what he or she saw,
27 | heard or otherwise sensed.
28 |         / / /

7. The foregoing is without prejudice to the right of the Plaintiff WILKES and the DA:

   a. To apply to the Court for a further protective order relating to confidential material or relating to discovery in this litigation; and

   b. To apply to the Court for an order compelling production of documents or modification of this protective order or for any order permitting disclosure of documents or the information contained therein the terms of this protective order.

   c. Plaintiff does not waive any right to assert, inter alia, that the DA does not have a legitimate interest or need to limit access to documents reflecting and/or related to its internal decision making process in Plaintiff's case and does not waive his right seeking discovery of these documents. Plaintiff does not waive his rights to seek disclosure of any and all documents in the possession of the DA relating to the District Attorney files for the cases subpoenaed and identified above on any and all applicable grounds, including but not limited to his rights and guarantees afforded to him by law.

8. Once the Protective Order issues, the following schedule will take effect, subject to extraordinary circumstances or by mutual agreement of the Plaintiff and the DA:

   a. Plaintiff WILKES agrees to reimburse the DA for the reasonable cost associated with producing the materials.

   b. Within thirty (30) days of the notice to counsel for the DA, of the Court's entry of the Protective Order, the DA will make available, for inspection and/or photocopying, the additional documents in its possession, custody or control, which are responsive to the above-referenced subpoena duces tecum.

   / / /

1            c.      The DA shall place a stamp on each PROTECTED
2      DOCUMENT marked "Confidential–subject to Protective Order."  The
3      marking shall not, to the extent practicable, prevent or impede the
4      reading of the text of the PROTECTED DOCUMENT.  If through its
5      inadvertence, surprise or neglect, the DA does not label a
6      PROTECTED DOCUMENT as indicated, counsel for Plaintiff shall so
7      notify the DA so that the DA may place the phrase Confidential–
8      subject to Protective Order, on the PROTECTED DOCUMENT.
9            d.      Within Thirty (30) days after the date that an Order terminating
10    this litigation becomes no longer subject to judicial review, counsel for
11    Plaintiff shall promptly return to the DA all copies of the
12    PROTECTED DOCUMENTS and shall certify it has not retained any
13    such documents, or portions thereof except as required by the Court.
14         9.      This Protective Order, when entered into by the Court, shall be
15 retroactive to the date of the initial disclosure of documents made by the DA in this
16 matter.
17         10.     This Protective Order is entered into without prejudice to the right of
18 any party and/or the DA to file any motion for relief from the Court from any
19 restriction hereof or for any other or further restriction on the production, exchange,
20 or use of any documents, testimony, or other information produced, given, or
21 exchanged in the course of discovery in this action.  This Order may be modified,
22 amended, or vacated by further Order of the Court.
23         11.     This Protective Order shall survive the final determination for this
24 action and shall remain in full force and effect after conclusion of all proceedings
25 herein, and the court shall have continuing jurisdiction to enforce its terms.
26      / / /
27      / / /
28      / / /

1    12.    Nothing herein shall be construed as limiting the obligations of any person who is served with a valid subpoena, discovery request or other court order in connection with any other proceeding. (FFM)

IT IS SO ORDERED.

DATED:  _March 12, 2010_____

   /S/ FREDERICK F. MUMM
Magistrate Judge Frederick F. Mumm
United States District Court Judge

7